AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>FORTINO ESPINOZA-LOYUA,<br>LUIS BERNARDO HERNANDEZ-CAMACHO, and<br>LEONEL MACHADO-BERNAL<br><br>*Defendant(s)* | Case No. 8:21MJ1345CPT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 7, 2021** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Charles M. Russell, SA, CGIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **April 9, 2021**

_____
*Judge's signature*

City and state: **Tampa, FL**

CHRISTOPHER P. TUITE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles M. Russell, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the Coast Guard Investigative Service ("CGIS"), and have been employed by CGIS since 1997. Since February of 2020, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. From 1997 through 2020, I was a CGIS Agent working in maritime counter-narcotic assignments in New Orleans, LA; Seattle, WA; San Diego, CA and Tampa, FL. Prior to being assigned to CGIS, I was employed as an enlisted member of the United States Coast Guard which included an assignment to a Coast Guard Cutter in Key West, FL that focused on maritime counter-narcotic missions.

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about April 7th 2021, while aboard a vessel subject to the jurisdiction of the United States, the defendants, Fortino ESPINOZA-LOYUA, Luis Bernardo HERNANDEZ-CAMACHO, and Leonel MACHADO-BERNAL, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On April 7th 2021, while on routine patrol in the Eastern Pacific ocean in international waters, a helicopter from the USS FREEDOM, with a Coast Guard Law Enforcement Detachment (LEDET-107) detected an unknown Go-Fast Vessel (GFV), in International Waters, approximately 120NM SE of Cabo San Lucas, Mexico. The USS FREEDOM was diverted to investigate the suspect GFV. The USS FREEDOM requested and received a Statement of No Objection (SNO) and Use of Force (UOF) up to and including warning shots and/or disabling fire on a vessel reasonably suspected of being without nationality, and displaying no indicia of nationality, located in international waters. The helicopter deployed warning shots that were ineffective. GFV was observed jettisoning a package overboard. Additional UOF, disabling fire, was effective. A USS FREEDOM small boat with USCG boarding team arrived for a Right of Visit (ROV).

7. The boarding team on the small boat gained control of the GFV without incident. During the ROV the boarding team identified the following crewmembers on board the suspect GFV: Fortino ESPINOZA-LOYUA, Luis Bernardo HERNANDEZ-CAMACHO, and Leonel MACHADO-BERNAL. The crew were all Mexican.

8. There was no claim of nationality made for the vessel and no one claimed to be the Master of the suspect GFV. There was no name or flag state or other indicia of nationality. Based on the ROV, the USCG (D11) assimilated the

3

GFV as stateless and therefore subject to the laws of the United States. The USCG boarding team conducted a full law enforcement boarding.

9. The boarding team conducted a full law enforcement boarding, and observed fuel barrels on deck and packages on deck. The USCG boarding team conducted two tests of a white powder utilizing narcotic identification test kits (NIK) indicating the positive presence of cocaine. The USCG boarding team reported a total of 37 bales for an estimated at sea weight of 1575 kilograms of cocaine. The USS FREEDOM requested and received permission to seize the contraband and treat the three (03) crew as detainees.

## Conclusion

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, Fortino ESPINOZA-LOYUA, Luis Bernardo HERNANDEZ-CAMACHO, and Leonel MACHADO-BERNAL, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

Charles M. Russell
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 9 day of April, 2021.

CHRISTOPHER P. TUITE
United States Magistrate Judge

5